ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 12 2003

LUTHER D. THOMAS, Clerk
By: Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

QUEBELL P. PARKER; SANDRA SKYPEK, individually, as attorney in fact for Quebell Parker; and CHARLES PARKER, individually, as attorney in fact for Quebell Parker, and in the name of Quebell Parker,

Plaintiffs,

v.

SCRAP METAL PROCESSORS, INC., a Georgia corporation; L.B. RECYCLING, INC., a Georgia corporation; J. WAYNE MADDOX, individually and as the successor in interest to L.B. RECYCLING, INC.,

Defendants.

CIVIL ACTION

NO. 1:02-CV-0925-BBM

# JURY CHARGES

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and begin your discussions -- what we call your deliberations.

51

---

U.S. Eleventh Circuit District Judges Association, Pattern Jury Instructions (Civil Cases), Basic No. 1, p. 4 (1999).

**Consideration of the Evidence**
**Duty to Follow Instructions**
**Corporate Party Involved**

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence -- that is, the testimony of the witnesses and the exhibits I have admitted in the record -- but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts

and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

---

U.S. Eleventh Circuit District Judges Association, Pattern Jury Instructions (Civil Cases), Basic No. 2.2, pp. 7-8 (1999).

**Burden of Proof**
**When Only Plaintiff Has Burden of Proof**

In this case, it is the responsibility of the Plaintiffs to prove every essential part of the Plaintiffs' claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiffs' claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiffs' claim by a preponderance of the evidence, you should find for the Defendants as to that claim.

---

U.S. Eleventh Circuit District Judges Association, Pattern Jury Instructions (Civil Cases),

Basic No. 6.1, p. 16 (1999).

**Preponderance of the Evidence**

A "preponderance of the evidence" simply means an amount of evidence which is enough to persuade you that a claim or contention is more likely true than not true.

---

U.S. Eleventh Circuit District Judges Association, Pattern Jury Instructions (Civil Cases), excerpt from Basic No. 6.2, p. 17 (1999).

## Credibility of Witnesses

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness, I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

---

U.S. Eleventh Circuit District Judges Association, Pattern Jury Instructions (Civil Cases), Basic No. 3, p. 11 (1999).

**Impeachment of Witnesses**
**Inconsistent Statement**

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things incorrectly. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

---

U.S. Eleventh Circuit District Judges Association, Pattern Jury Instructions (Civil Cases), Basic No. 4.1, p. 12 (1999).

## Expert Witnesses When Expert Witness Fees Represent A Significant Portion of the Witness' Income

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

When a witness has been or will be paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such a witness where court testimony is given with regularity and represents a significant portion of the witness' income.

---

U.S. Eleventh Circuit District Judges Association, Pattern Jury Instructions (Civil Cases), Basic No. 5.2, p. 15 (1999).

## Clean Water Act

Under the Clean Water Act, it is unlawful to discharge pollutants into streams without a permit. Pollutants include solid waste, garbage, rock, sand, dirt, and industrial waste.

Under the Clean Water Act, it is also unlawful to discharge storm water into streams as a result of industrial activities without a storm water discharge permit.

Even if a facility has a discharge permit, it is unlawful to violate Georgia's water quality standards. Georgia's water quality standards require that all waters be free from floating debris in amounts sufficient to be to be unsightly or to interfere with legitimate water uses. Georgia's water quality standards also require that waters be free from material which produces conditions which interfere with legitimate water uses.

Therefore, the Defendants are liable under the Clean Water Act if they discharged pollutants into streams without a permit, discharged storm water from industrial activities into streams without a permit, or violated Georgia's water quality standards.

---

33 U.S.C. §§ 1251 *et seq.*; 33 U.S.C. §§ 1311(a) and 1311(b)(1)(C); 33 U.S.C. 1362(6); 40 C.F.R. § 122.26(b)(14)(x); GAR 10000, Part I(C)(4); Ga. R. & Regs. §§ 391-3-6-.03(5)(b) and (5)(c); *City of Milwaukee v. Illinois*, 451 U.S. 304, 310-311 (1981); *Driscoll v. Adams*, 181 F.3d 1285 (11th Cir. 1999).

## Clean Water Act - Civil Penalties

Once you have resolved the issue of the Defendants' liability under the Clean Water Act, it is the court's duty, not the jury's duty, to assess any civil penalty which may be imposed against the Defendants. You need only determine whether the Defendants have violated the Clean Water Act. However, the court's penalty is determined on a "per day" basis. That is, the court must assess a penalty against the Defendants for each day they violated the Clean Water Act. Accordingly, if you determine that the Defendants violated the Clean Water Act, you must determine the number of days that the Defendants were in violation of the Clean Water Act, and there will be a place on the verdict form for you to disclose that information to the court.

---

33 U.S.C. § 1365(a); 33 U.S.C. § 1319(d); *Tull v. United States*, 481 U.S. 412 (1987).

## Resource Conservation and Recovery Act

Under the Resource Conservation and Recovery Act, it is unlawful to handle, store, treat, transport, or dispose of any solid or hazardous waste in a manner which may present an imminent and substantial endangerment to health or the environment. A showing of "imminent and substantial endangerment" requires a showing "that risk of threatened harm is present; it does not require a showing that actual harm will occur immediately."

The Resource Conservation and Recovery Act does not impose liability on a landowner or operator who does not cause or contribute to a violation. Therefore, in order to make a finding that the Defendants violated the Resource Conservation and Recovery Act, you must find, by a preponderance of the evidence, that the Defendants' conduct caused or contributed to the violation.

---

42 U.S.C. § 6972(a)(1)(A); 42 U.S.C. § 6972(a)(1)(B); *Paper Recycling, Inc. v. Amoco Oil Co.*, 856 F. Supp. 671, 678 (N.D. Ga.,1993) (*citing Dague v. City of Burlington*, 935 F.2d 1343, 1356 (2d Cir.1991), *rev'd in part, on other grounds, Burlington v. Dague*, 505 U.S. 557, 112 S.Ct. 2638 (1992)).

**Hazardous Site Response Act**

Under the Hazardous Site Response Act, during or following the undertaking of corrective action, any person may seek monetary contribution from any other person or entity that has contributed or is contributing to any release of a hazardous substance. The Defendants have contributed to a release of hazardous substances if any intentional or unintentional act or omission resulted in the spilling, leaking, pumping, pouring, emitting, emptying, discharging, escaping, leaching, dumping, or disposing into the environment of discarded barrels, containers or other hazardous substances during the time the Defendants owned or operated their land or facility. If you find that the Defendants have contributed to a release of hazardous substances, you may find that the Defendants should contribute to the corrective action.

---

O.C.G.A. §§ 12-8-90 to 12-8-97.

## Hazardous Substances Under HSRA

Hazardous waste and substances under the Resource Conservation and Recovery Act and Hazardous Site Response Act include, but are not limited to:

4-Methyl 2-pentanone
Toluene
Ethyl benzene
Xylene
Methylene chloride
2, 4, 5, - Trichlorophenol
Acetone
Fluoranthene
Chromium
Benzoic Acid
Bis (2-ethyl hexyl) phthalate
N-nitrosodipheylamine
Nitrobenzene
Styrene
Methyl ethyl ketone (MEK)
Lead
Pyrene
Barium
Benzene
Cadmium
Mercury
Methyl isobutyl ketone
Polychlorinated biphenyls (PCBs)
Selenium

---

40 C.F.R. § 302.4 (Table 302.4).

**Definition of Hazardous Waste**

The term "hazardous waste" means a solid waste, or combination of solid wastes, which because of its quantity, concentration, or physical, chemical, or infections characteristics may --

(A) cause, or significantly contribute to an increase in mortality or an increase in serious reversible, or incapacitating reversible, illness; or

(B) pose a substantial present or potential hazard to human health or the environment when improperly treated, stored, transported, or disposed of, or otherwise managed.

---

42 U.S.C. § 6903(5).

**Definition of Solid Waste**

The term "Solid Waste" includes any garbage, refuse, or other discarded material, including liquid waste.

42 U.S.C. § 6903(27).

## Definition of Nuisance

A nuisance is anything that works hurt, inconvenience, or damage to another. The fact that the act done may otherwise be lawful shall not keep it from being a nuisance. The inconvenience complained of shall not be fanciful, or such as would affect only one of extraordinary or demanding taste, but it shall be such as would affect an ordinary, reasonable person.

---

Council of Superior Court Judges of Georgia, Pattern Jury Instructions, Nuisances A (Civil Cases), p. 190 (1999); O.C.G.A. § 41-1-1.

## Duty of Reasonable Use of Property

The privilege of use incident to the right of property must not be exercised in an unreasonable manner, so as to inflict injury upon another unnecessarily. To constitute a nuisance the use must be such as to produce either actual, tangible, and substantial injury to neighboring property, or such as to interfere sensibly with its use and enjoyment by persons of ordinary sensibilities.

---

Council of Superior Court Judges of Georgia, Pattern Jury Instructions, Nuisances C (Civil Cases), p. 190 (1999); Holman v. Athens Empire Laundry Co., 149 Ga. 345 (1919); Gordy v. Armstrong, 190 Ga. 670, 679 (1940).

**Trespass**

A trespass is an unauthorized entry on another's property, without the consent of the owner of the property on which the alleged trespass is committed.

Actionable trespass includes an unauthorized entry on another's property by a person, object, or thing.

---

*Webster v. Snapping Shoals Electric Membership Corp.*, 176 Ga. App. 265, 266, 335 S.E.2d 637, 639 (1985), *citing* 27A EGL 255, Trespass, Sec. 6 (1985 Rev.); *Saheen v. G & G Corp.*, 230 Ga. 646, 648, 198 S.E.2d 853, 855 (1973); *Kingsley Mill Corp. v. Edmonds*, 208 Ga. 374, 67 S.E.2d 111, 112 (1951); *Gill v. First Christian Church, Atlanta, Georgia, Inc.*, 216 Ga. 454, 117 S.E.2d 164, 165 (1960); *Southern Mutual Investment Corp. v. Langston*, 128 Ga. App. 671, 197 S.E.2d 775 (1973); *Roughton v. Theile Kaolin Co.*, 209 Ga. 577, 74 S.E.2d 844 (1953); *Tyler v. Lincoln*, et. al., 236 Ga. App. 850, 513 S.E.2d 6 (1999), *rev'd in part by*, 272 Ga. 118, 527 S.E.2d 180 (2000).

## Intent

Intent ordinarily may not be proved directly because there is no way of fathoming or scrutinizing the operations of the human mind. But you may infer a person's intent from surrounding circumstances. You may consider any statement made or act done or omitted by a party whose intent is in issue, and all other facts and circumstances which indicate the party's state of mind.

You may consider it reasonable to draw the inference and find that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is for you to decide what facts have been established by the evidence.

---

Kevin F. O'Malley, Jay E. Grenig and Hon. William C. Lee, Federal Jury Practice Instructions (Civil), § 121.01, 5th ed. (2000).

## Negligence and Legal Cause

In order to prevail on this claim, the Plaintiffs must prove both of the following facts by a preponderance of the evidence:

First: That the Defendants were "negligent;" and

Second: That such negligence was a "legal cause" of damage sustained by the Plaintiffs.

"Negligence" is the failure to use reasonable care. Reasonable care is that degree of care that a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances, or in failing to do something that a reasonably careful person would do under like circumstances.

---

U.S. Eleventh Circuit District Judges Association, Pattern Jury Instructions (Civil Cases), State Claims No. 1.1, pp. 402-08 (1999).

## Neglience Per Se

The Plaintiffs contend that Defendants violated certain laws or ordinances, including the Clean Water Act and implementing regulations, the Resource Conservation and Recovery Act and implementing regulations, the Georgia Water Quality Control Act and implementing regulations, the Georgia Erosion and Sedimentation Act and implementing regulations, the Georgia Solid Waste Management Act and implementing regulations, and the Georgia Hazardous Waste Management Act and implementing regulations. Such violations are called negligence *per se*, which means negligence as a matter of law. It is your duty to decide whether such violations took place or not. If you find that the Defendants were negligent or negligent per se, then you must determine whether this negligence was the legal cause of any damages suffered by the Plaintiffs.

---

Council of Superior Court Judges of Georgia, Pattern Jury Instructions, Torts D (Civil Cases), p. 233 (1999);*Central R.R. & Banking Co. v. Smith*, 78 Ga. 694 (1886); *Wilson v. Georgia Power & Light Co.*, 200 Ga. 207, 208 (1946); *Ford Motor Co. v. Carter*, 141 Ga. App. 371, 374; 239 Ga. 647, 662 (1977).

## Causation

Negligence or negligence per se is a "legal cause" of damage if it directly and in natural and continuous sequence produces, or contributes substantially, to producing such damage, so it can reasonably be said that, except for the negligence, the loss, injury or damage would not have occurred. Negligence or negligence per say may be a legal cause of damage even though it operates in combination with the act of another, some natural cause, or some other cause if such other cause occurs at the same time as the negligence and if the negligence contributes substantially to producing such damage.

---

U.S. Eleventh Circuit District Judges Association, Pattern Jury Instructions (Civil Cases), State Claims No. 1.1, pp. 402-08 (1999).

**When Laws Become Obligatory; Effect of Ignorance**

After they take effect, laws are obligatory; ignorance of the law excuses no one.

---

O.C.G.A. § 1-3-6.

**Compensatory Damages**

If the evidence proves nuisance, negligence, neglience per se or trespass on the part of the Defendants that was a legal cause of damage to the Plaintiffs, you should award the Plaintiffs an amount of money that will fairly and adequately compensate the Plaintiffs for such damage. In considering the issue of the Plaintiffs' damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiffs' damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendants. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable. On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury – tangible and intangible.

If the Defendants are liable, the Plaintiffs are entitled to recover for damages to the person and for damages to the property.

Damages to the person include inconvenience, unhappiness, and annoyance caused by the Defendants' actions. Such damages are to be determined by the

enlightened conscience of the jury.

Damages to the property include the diminution of rental value for so long as an abatable nuisance or trespass exists, plus any other actual damages.

Damages for inconvenience, unhappiness, and annoyance caused to the Plaintiffs are separate and distinct from damages to the value of their property and do not constitute a double recovery.

---

U.S. Eleventh Circuit District Judges Association, Pattern Jury Instructions (Civil Cases), State Claims No. 1.1, pp. 402-08 (1999); modified to incorporate Georgia's law on nuisance and trespass rather than personal injury actions; *City of Atlanta v. Murphy*, 194 Ga. App. 652, 391 S.E.2d 474 (1990); *Arvida/JMB Partners, L.P.-II v. Hadaway*, 227 Ga. App. 335, 489

S.E.2d 125 (1997); *Bedingfield v. Brewer*, 220 Ga. 453, 139 S.E.2d 389 (1964); *Baumann v. Snider*, 243 Ga. App. 526, 528, 532 S.E.2d 468 (2000).

## Damages

If you find for the Plaintiffs on any of the causes of action described in this charge, you will then consider the issue of the money damages to be awarded to the Plaintiffs.

In considering the issue of the Plaintiffs' damages you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiffs' damages -- no more and no less. Compensatory damages are not allowed as punishment and must not be imposed or increased to penalize the Defendants. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

Now you should also know that even though the Plaintiffs seek to recover from the Defendants under several different theories, they are not entitled to separate awards on each theory. The Plaintiffs are only entitled to recover their actual damages.

Of course, the fact that I have given you instructions concerning the issue of Plaintiffs' damages should not be interpreted in any way as an indication that I believe that the Plaintiffs should, or should not, prevail in this case.

**Time Period**

Damages for a continuing nuisance or trespass are not limited to those that have occurred prior to filing suit but may also be awarded for damages incurred during the pendency of this case.

---

*Raymar, Inc. vs. Peachtree Golf Course,* 161 Ga. App. 336, 287 S.E.2d 768 (1982).

## Duty to Lessen Damages

Where by negligence a person is injured, that person is bound to reduce the damages as far as practicable by the use of ordinary care. This does not apply in cases of positive and continuous torts.

If you believe that a party suffered damages as alleged, under the law, that party is bound to reduce those damages, as far as possible, by the use of ordinary care. If you believe that, by the use of such care, that party could have reduced the damages, you would determine to what extent, and reduce such damages to that extent.

---

Council of Superior Court Judges of Georgia, Pattern Jury Instructions, Damages (Torts) (Civil Cases) No. 16, p. 91 (1999); O.C.G.A. § 51-12-11; Mallock v. Kicklighter, 10 Ga. App. 605 (1912).

## Avoidance of Consequences

If the Plaintiff, by the exercise of ordinary care, could have avoided the consequences caused by the Defendants' negligence, then the Plaintiff is not entitled to recover. In other cases, the Defendants are not relieved even though the Plaintiff may have contributed to the injury sustained. The Plaintiffs' duty to exercise ordinary care to avoid the consequences of the Defendants' negligence does not arise until the Defendants' negligence exists, and the Plaintiffs knew, or in the exercise of ordinary care should have known of such negligence.

---

Council of Superior Court Judges of Georgia, Pattern Jury Instructions, Torts H (Civil Cases), p. 235 (1999); O.C.G.A. § 51-11-7.

## Nominal Damages

If the Plaintiffs' property rights have been invaded, they are entitled to recover at least nominal damages.

"Nominal damages are always allowed for any invasion of a property right whether or not actual damages result therefrom. And the law presumes and infers some damage from the invasion of a property right."

---

O.C.G.A. § 51-12-4; *High Shoals Mfg. Co. v. Price*, 136 Ga. 22(4) (1911); *Smith v. Overby*, 30 Ga. 241, 248 (1859); *Batson v. Higginbothem*, 7 Ga. App. 835, 838 (1910); *Ransone v. Christian*, 56 Ga. 351(6) (1876); *Miller & Meier & Assoc. v. Diedrich*, 174 Ga. App. 249, 252 (3) (1985); *Kiel v. Johnson*, 179 Ga. App. 43, 44, 345 S.E.2d 131, 133 (1986); *Marshall v. Georgia Power*, 134 Ga. App. 479, 480, 214 S.E.2d 728, 730 (1975) (citations omitted).

**Punitive Damages**

The Plaintiffs also claim that the acts of the Defendants were done out of willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of a conscious indifference to the consequences so as to entitle the Plaintiffs to an award of punitive damages in addition to compensatory damages.

If you find from a preponderance of the evidence that the Plaintiffs are entitled to a verdict for actual or compensatory damages, and you further find by clear and convincing evidence (which I will define for you in a moment) that the Defendants did act out of willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of a conscious indifference to the consequences, the law would allow you, in your discretion, to assess punitive damages against the Defendants as punishment and as a deterrent to others.

If you find that punitive damages should be assessed against the Defendants, you may consider the financial resources of the Defendants in fixing the amount of

such damages, and you may assess punitive damages against one or more of the Defendants, and not others, or against more than one Defendant in differing amounts.

Punitive damages, when authorized, are awarded not as compensation to a plaintiff, but solely to punish, penalize, or deter a defendant.

---

U.S. Eleventh Circuit District Judges Association, Pattern Jury Instructions (Civil Cases), Supplemental Damages No. 2.1, p. 500 (1999), modified to conform with O.C.G.A. § 51-12-5.1(b) and Superior Court Pattern Jury Instructions on Damages in Tort Actions § 15, Supporting Authority: O.C.G.A. §51-12-5.1; *Alliance Transp. Inc. v. Mayer*, 165 Ga. App. 344, 345 (1983); Kevin F. O'Malley, Jay E. Grenig and Hon. William C. Lee, Federal Jury Practice Instructions (Civil), § 128.81, 5th ed. (2000).

**Standard of Proof for Punitive Damages**

Clear and convincing evidence is defined as evidence that will cause the jury to firmly believe each essential element of the claim to a high degree of probability. Proof by clear and convincing evidence requires a level of proof greater than a preponderance of the evidence (but less than beyond a reasonable doubt).

---

*Clarke v. Cotton*, 263 Ga. 861 (1994).

**Wilful/Wanton/Malicious**

An act is wilfully done if done voluntarily and intentionally and with the specific intent to commit such an act.

An act is wantonly done if done in careless disregard of, or indifference to, the rights of the injured party.

An act is maliciously done, if prompted or accompanied by ill-will or such gross indifference to the rights of others as to amount to a wilful act done intentionally without just cause or excuse.

That entire want of care which would raise the presumption of a conscious indifference to consequences of his actions relates to an intentional disregard of the rights of another, knowingly or wilfully disregarding such rights.

---

Kevin F. O'Malley, Jay E. Grenig and Hon. William C. Lee, Federal Jury Practice Instructions (Civil), § 128.81, 5th ed. (2000), modified to conform with O.C.G.A. § 51-12-5.1(b); *Ponce de Leon Condominiums v. DiGirolamo*, 238 Ga. 188, 190, 232 S.E.2d 64 (1977); *Baumann v. Snider*, 243 Ga. App. 526, 528, 532 S.E.2d 468 (2000); *Tyler v. Lincoln*, 272 Ga. 118, 121, 527 S.E.2d 180 (2000).

**<u>Litigation Expenses and Attorneys' Fees</u>**

The expenses of litigation, including reasonable expert witness fees and attorney's fees, may be allowed as part of damages if the Defendants have acted in bad faith, or have been stubbornly litigious, or have caused the Plaintiffs unnecessary trouble and expense.

The term bad faith means bad faith connected with the transactions and dealings out of which the cause of action arose. Every intentional tort invokes a species of bad faith that entitles a person wronged to recover the expenses of litigation, including attorney's fees.

The phrase stubborn litigiousness refers to forcing a plaintiff to resort to litigation where there is no genuine dispute or bona fide controversy. The phrase unnecessary trouble and expense refers to forcing a plaintiff to resort to litigation where no defense exists.

The attorney's fees awarded can exceed the compensatory damages awarded.

---

O.C.G.A. § 13-6-11; *Ponce de Leon Condominiums v. DiGirolamo,* 238 Ga. 188, 232 S.E.2d 62 (1977); *[illegible]ymar Inc. v. Peachtree Golf Club,* 161 Ga. App. 336, 287 S.E.2d 768 (1982); *Tyler v. Lincoln et al.,* 272 Ga. 118, 527 S.E.2d 180 (2000); *Brown v. Baker,* 197 Ga. App. 466, 398 S.E.2d [illegible], 799 (1990); *DeKalb County v. McFarland,* 231 Ga. 649, 651, 203 S.E.2d 495 (1974); *Tanner v. Gilleland,* 186 Ga. App. 377, 378, 367 S.E.2d 257 (1988); *Piedmont Cotton Mills, Inc.*

*v. H.W. Ivey Construction Co.*, 109 Ga. App. 876, 881, 137 S.E.2d 528, 532 (1964); *Eastern Foods, Inc. v. Forman*, 202 Ga. App. 347, 415 S.E.2d 1 (1991), *Rogers v. Georgia Ports Auth.*, 183 Ga. App. 325, 358 S.E.2d 855 (1987), *cert. denied* 183 Ga. App. 325, 358 S.E.2d 855 (1987), *Clements v. Barnes*, 197 Ga.App. 120, 397 S.E.2d 560 (1990); *Baker v. Miller*, 265 Ga. 486, 458 S.E.2d 21 (1995).

## Note-Taking

In this case you have been permitted to take notes during the course of the trial, and most of you -- perhaps all of you -- have taken advantage of that opportunity and have made notes from time to time.

You will have your notes available to you during your deliberations, but you should make use of them only as an aid to your memory. In other words, you should not give your notes any precedence over your independent recollection of the evidence or the lack of evidence; and neither should you be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.

---

U.S. Eleventh Circuit District Judges Association, Pattern Jury Instructions (Criminal Cases) Special No. 5, p. 48 (2003).

**Duty to Deliberate**
**When Only the Plaintiff Claims Damages**

Of course, the fact that I have given you instructions concerning the issue of Plaintiffs' damages should not be interpreted in any way as an indication that I believe that the Plaintiffs should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges -- judges of the facts. Your only interest is to seek the truth from the evidence in the case.

---

U.S. Eleventh Circuit District Judges Association, Pattern Jury Instructions (Civil Cases), Basic No. 7.1, p. 18 (1999).

**Election of Foreperson**
**Explanation of Verdict Form**

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

**[Explain verdict]**

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

---

U.S. Eleventh Circuit District Judges Association, Pattern Jury Instructions (Civil Cases), Basic No. 8, p. 20 (1999).